IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EVELYN SOKOL KEMPTON | § | |
| | § | |
| v. | § | M.C. NO. C-13-121 |
| | § | |
| J.C. PENNEY'S CO. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY
## APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND TO DISMISS CLAIMS

This case was filed as a civil action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., as well as unspecified state laws.  The pending motion to proceed in forma pauperis as well as screening of plaintiff's claims were referred to a magistrate judge.

A plaintiff's claims brought pursuant to an in forma pauperis complaint may be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); accord Newsome v. E.E.O.C., 301 F.3d 227, 231 (5th Cir. 2002) (per curiam). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner in forma pauperis cases. James v. Richardson, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (unpublished) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing Newsome, 301 F.3d at 231).

Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992); Newsome, 301 F.3d at 231. Pursuant to § 1915(e)(2)(B), a claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th

Cir. 1998) (citations omitted).  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citation omitted).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  See Moore v. Mabus, 976 F.2d 268, 269-70 (5th Cir. 1992).

Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

On March 25, 2013, plaintiff, proceeding pro se, filed an application to proceed in forma pauperis along with a complaint alleging violations of the ADA as well as unspecified state laws against her former employer, J.C. Penney's Co.  (D.E. 1).  On April 4, 2013, a telephonic hearing was held.  Based on her complaint as well as information developed during the hearing, she alleges the following facts:

From 1988 through 1993, plaintiff worked as a sales associate in defendant's store #1330 located in Corpus Christi, Texas.  In January 1993, she sustained severe spinal injuries while assisting in the remodeling of defendant's department store.  She submitted an accident report to defendant regarding the incident on February 18, 1993.  During the months that followed,

plaintiff had difficulty working due to the injury, and in July, her doctor ordered that she no longer work.  Defendant complied with this order by taking her off the clock, and on August 26, 1993 it sent her a letter explaining that she had been placed on unpaid leave of absence.  (D.E. 1-2, at 10).  On September 15, 1993, defendant's COBRA administrator sent her notice regarding continuation of her health coverage and explaining that she was required to elect continuation of her long-term disability coverage by November 14, 1993.  Id. at 13.  Plaintiff indicates that she never received these documents, or that, if she did, she was under the influence of pain medications and did not realize what they meant.  She alleges that defendant canceled her long-term disability coverage without her consent.  Throughout the fall of 1993, she underwent several spinal reconstruction surgeries.

In October 2012, Plaintiff discovered the September 15, 1993 notification regarding her disability benefits, and noticed that defendant had listed her termination as the qualifying event for the purposes of COBRA.  (D.E. 1-2, at 7, 13).  After learning that she could potentially recover against defendant for disability discrimination despite that it carried workers' compensation insurance, she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2012.  Id.  On December 27, 2012, she received notice of right to sue.  Id. at 1.  She filed this action on March 25, 2013, alleging violations of federal employment law and unspecified state laws.  (D.E. 1).  She seeks to recover back pay, long-term disability insurance, and costs.  Id. at 4.

### III. DISCUSSION

Plaintiff appears to allege violations of the ADA as well as unidentified Texas workers' compensation laws.  Her allegations are based on her termination, which she indicates was

3

discriminatory, as well as defendant's cancellation of her long-term disability benefits in 1993, which she alleges was fraudulent.

**A.      Plaintiff's Claims Pursuant To The ADA Are Untimely.**

As a prerequisite to filing an action pursuant to the ADA, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC.  Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996) (per curiam) (citations omitted).  However, she is required to pursue her administrative remedies in a timely manner or else face dismissal.  Specifically, she must file a claim with the EEOC within 180 days of the illegal act, or within 300 days if she has filed a complaint with a state or local agency.[1]  42 U.S.C. § 12217; Dao, 96 F.3d at 788-89; Ikossi-Anastasiou v. Board of Supervisors of La. State Univ., 579 F.3d 546, 549 (5th Cir. 2009); EEOC v. WC & M Enterprises, Inc., 496 F.3d 393, 398 (5th Cir. 2007).  Once the EEOC or state agency issues a right to sue letter, the plaintiff then has 90 days to commence an action in federal district court.  Dao, 96 F.3d at 789 (citing 42 U.S.C. § 2000e-5(f)(1); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 120 (5th Cir. 1980)).

Because the ADA does not establish a statute of limitations for such claims, this Court must "look to the general personal injury limitations period provided by the forum state, which in this case is Texas's two-year limitations period."  Brockman v. Texas Dep't of Criminal Justice, 397 F. App'x 18, 21 (5th Cir. 2010) (per curiam) (unpublished) ((citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Holmes v. Texas A&M Univ., 145 F.3d 681, 682 (5th Cir. 1998) (ADA employment claims are subject to a two-year statute of limitations in Texas).

---

[1] The ADA exhaustion procedures are the same as those applicable to discrimination claims pursuant to Title VII of the Civil Rights Act of 1964.  Dao, 96 F.3d at 789.

4

While the exhaustion requirement and its corresponding time limitations are mandatory, they are not jurisdictional.  National RR Passenger Corp. v. Morgan, 536 U.S. 101, 121 (2002) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)).  Therefore, failure to timely exhaust administrative remedies may be excused when equity permits through the doctrine of equitable tolling.  Id. (citing Zipes, 455 U.S. at 398).  The Fifth Circuit has recognized three grounds that justify equitable tolling:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (quoting Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam)).  Moreover, equitable relief is only appropriate when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of [her] claim."  Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992) (citations omitted).  Plaintiff bears the burden of showing that "'the defendant's conduct, innocent or not, *reasonably* induced the plaintiff not to file suit within the limitations period.'"  Ramirez v. City of San Antonio, 312 F.3d 178, 184 (5th Cir. 2002) (quoting Tyler v. Union Oil Co. of Calif., 304 F.3d 379, 391 (5th Cir. 2002)) (emphasis in original).

Here, plaintiff appears to allege that she was terminated in August 1993 as a result of her disability, a spinal injury.  Although the time for her to pursue her administrative remedies began running at her date of termination, she did not file a charge of discrimination until December 10, 2012, over nineteen years later.  (D.E. 1-2, at 7).  Accordingly, because her EEOC charge was untimely, so is this action.  Her lawsuit was filed long after the two-year statute of limitations

5

had lapsed.  When asked why she waited so long to file her lawsuit, plaintiff indicated that she

did not know that she had any "rights" pursuant to the ADA until November 2012 when she

spoke to an employee at the Texas Workers' Compensation Commission.  In addition, she

suggests that she did not realize she had been "terminated" until October 2012, when she

reviewed the September 1993 COBRA notification indicating as much.

      Neither of these reasons excuse her failure to timely file her charge with the EEOC.

First, although defendant apparently did not advise plaintiff that a cause of action pursuant to the

ADA might exist, it did not actively mislead her or prevent her from exploring her legal

remedies in a manner that would justify equitable tolling.[2]  See Granger, 636 F.3d at 712

(equitable tolling appropriate when "'plaintiff's unawareness of the facts giving rise to the claim

[arises from] the defendant's *intentional concealment* of them'") (quoting Wilson, 65 F.3d at

404) (emphasis added).

      Second, to the extent plaintiff claims that she was unaware she had been terminated, this

argument is unpersuasive.  She points to the fact that defendant sent her a letter in August 1993,

informing her that she was placed on indefinite unpaid leave of absence, but did not use the word

"termination."  However, given the circumstances it is unclear how plaintiff could have

interpreted this letter as something other than a termination.[3]  See Burfield v. Brown, Moore &

Flint, Inc., 51 F.3d 583, 589 (5th Cir. 1995) (per curiam) (letter explaining that employee had

---

    [2] Plaintiff indicates that she has spoken to attorneys and state employment agencies regarding her circumstances, but that she was told she had no cause of action against defendant.  To the extent she relied on the advise of others who were ignorant of the law–if that was the case–she cannot blame their shortcomings on defendant.

    [3] Plaintiff explains that prior to August 1993, she had intentionally urinated on herself twice while at work in order to convey her frustration to defendant.

been placed on leave of absence "was at most a written confirmation of the termination which had [previously occurred] and an explanation of how [the employer] would assist [the employee] by providing certain benefits through his placement on leave of absence").  Plaintiff indicates that defendant took her off the clock pursuant to her doctor's orders that she could no longer work.  Moreover, she does not suggest that she ever intended or attempted to return to work for defendant, and in the twenty years that have passed since the accident she relocated to Arizona.  Finally, plaintiff indicates that she only discovered she had been "terminated" when she contacted the Texas Workers' Compensation Commission in October 2012 to retrieve documentation regarding the incident for the purposes of developing a story for the television series "Dateline."  The fact that she incidentally discovered the alleged discrimination nineteen years after it occurred indicates that she did not exercise due diligence in discovering "essential information bearing on the existence of [her] claim" for the purposes of equitable estoppel.

Plaintiff's failure to timely pursue her administrative remedies renders this action untimely.  See Hamilton v. Trail, No. 1:09CV496, at *3 (E.D. Tex. June 14, 2011) (unpublished) (sua sponte dismissal of employment discrimination claims where plaintiff failed to exhaust administrative remedies).  Moreover, her claims are barred by the statute of limitations.  See Brockman, 397 F. App'x at 21.  Accordingly, it is respectfully recommended that her claim be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.     Plaintiff Has Failed To State A Claim Pursuant To State Law.**

Plaintiff indicates that she is asserting state law claims on the basis that her long-term disability benefits were terminated without her consent through some fraudulent act by defendant.  She does not identify any statute or law that might provide a cause of action, and it is

not entirely clear what facts support her allegations of fraud.[4]  To the extent she alleges that her long-term disability benefits were impermissibly discontinued, defendant sent her notice that she was able to elect to continue coverage pursuant to the COBRA.  See 29 U.S.C. §§ 1165, 1166. This does not implicate state law nor does it reveal fraud by defendant.  Moreover, assuming plaintiff seeks to pursue a claim pursuant to some provision of COBRA, as opposed to state law, it likely is barred by the statute of limitations.  See Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp., 389 F.3d 504, 509 (5th Cir. 2004) (explaining that action to enforce rights arising from an employee benefit plan pursuant to 29 U.S.C. § 1132(a)(1)(b) is subject to a four-year limitations period, whereas a claim challenging employer's failure to comply with notice and reporting requirements pursuant to 29 U.S.C. § 1166 is subject to a two-year limitations period) (citations omitted).  Accordingly, it is respectfully recommended that these claims be dismissed as frivolous.

**C.     Plaintiff Is Not Entitled To Proceed In Forma Pauperis.**

Because plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), it is respectfully recommended that her application to proceed in forma pauperis be denied.

---

[4] Plaintiff indicates that defendant forged her signature in documents relating to disability benefits, but the documents she has provided–which presumably form the basis of her claim–are lacking her signature, forged or otherwise.  (D.E. 1-2, at 11-12).

## IV.  RECOMMENDATION

Accordingly, it is respectfully recommended that plaintiff's claims be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and that her application to proceed in forma pauperis be denied.

Respectfully submitted this 18th day of April 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).